James A. Hunter (JH-1910)
HUNTER & KMIEC
255 West 94th Street, No. 10M
New York, New York  10025
Tel:	(646) 666-0122
Fax:	(646) 462-3356
E-Mail: hunter@hunterkmiec.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA HUNTER,<br><br>          Plaintiff,<br><br>          – v. –<br><br>FIRST BANCORP,<br><br>          Defendant. | ECF CASE<br><br>No. 20-cv-3137<br><br>COMPLAINT |

Plaintiff Donna Hunter ("Plaintiff"), by her undersigned attorneys, pleads for her complaint as follows:

**JURISDICTION AND VENUE**

1.	This is an action for attorney's fees as a remedial incident to the recovery of "short-swing" profit under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

2.	Jurisdiction is conferred on this Court by Section 27 of the Act, 15 U.S.C. § 78aa, and by 28 U.S.C. § 1331.

3.	Venue lies in this District under Section 27 of the Act because the purchase and sale of securities giving rise to the liability described in paragraph 9 below

were executed in ordinary brokerage transactions through the facilities of The NASDAQ Stock Market LLC, a national securities exchange registered under Section 6 of the Act, 15 U.S.C. § 78f, and located in this District.

## THE PARTIES

4. Defendant First Bancorp ("First Bancorp") is a North Carolina corporation with principal offices at 300 SW Broad Street, Southern Pines, North Carolina. At all relevant times, First Bancorp's common stock was registered under Section 12 of the Act, 15 U.S.C. § 78*l*, and listed for trading on the Nasdaq Global Select Market.

5. Plaintiff is a natural person, a resident of the Commonwealth of Pennsylvania, and a shareholder of First Bancorp.

## FACTUAL ALLEGATIONS

6. Plaintiff has been represented in this matter by Hunter & Kmiec, a general partnership formed under the law of the State of New York and engaged in the practice of law.

7. Plaintiff hired Hunter & Kmiec to investigate "short-swing" trading in First Bancorp's common stock under Section 16(b) of the Act by First Bancorp's officers, directors, and significant shareholders. Plaintiff's agreement with Hunter & Kmiec entitled Hunter & Kmiec to a fair and reasonable fee contingent on Hunter & Kmiec's recovery of funds for First Bancorp.

8. Based on Hunter & Kmiec's investigation, Plaintiff made demand on First Bancorp alleging that one of its directors was obligated to make disgorgement to

the company under Section 16(b).  Plaintiff's demand, delivered in the early hours of March 17, 2020, identified the director in question as Thomas F. Phillips ("Phillips").

9. According to the demand, Phillips realized recoverable short-swing profit from (a) his sale of 763 shares of First Bancorp's common stock at $40.50 per share on December 18, 2019; and (b) his purchase of 4,081 shares at lower prices on March 13, 2020.  Plaintiff estimated the size of Phillips's liability at $12,219.45.

10. Based in part on Plaintiff's demand, First Bancorp investigated Phillips's trading, concluded that he was liable to the Company under Section 16(b), and demanded disgorgement.

11. In satisfaction of his liability, Phillips tendered First Bancorp a personal check payable in the amount of $12,219.45.  Phillips delivered his check to First Bancorp during the day on March 17, 2020, just hours after Plaintiff's demand was made.

12. Attorneys for First Bancorp notified Plaintiff of the payment that same afternoon.  While thanking Hunter & Kmiec for their client's letter, counsel made plain that First Bancorp did not intend to compensate Hunter & Kmiec for their services investigating and identifying the liability that yielded the recovery.

13. According to First Bancorp's counsel, no compensation was due Hunter & Kmiec because another attorney had notified First Bancorp of Phillips's liability before Plaintiff's March 17, 2020 demand was received.

14. Despite Plaintiff's repeated inquiries, First Bancorp has refused to identify the competing claimant or the time of his demand, but the tight sequence of events rules out a demand sent more than a few hours before Plaintiff's own.

15. Plaintiff's research has unmasked the secret scrivener as Richard Canedo, Esq. of Harrison Legal, PLLC ("<u>Harrison Legal</u>").

16. Even if Mr. Canedo's demand was delivered to First Bancorp a few hours before Plaintiff's, it is unlikely to have been the sole catalyst of the recovery.

17. Public records disclose that Mr. Canedo graduated from law school in 2015 and was barred in New York in 2016. He has never tried, argued, or filed a civil action. Searches for cases litigated by him in the federal PACER and New York State eCourts databases return no results.

18. According to his biography on Harrison Legal's website, Mr. Canedo's background is primarily transactional and academic in nature. The website currently describes him as the firm's "Director of A.I."

19. Mr. Canedo has also been known in other matters to offer reductions in disgorgement on the condition that the issuer kick a larger share of the disgorgement back to his firm as an attorney's fee. That First Bancorp received full disgorgement in this case may well be due only to the additional pressure brought by Plaintiff's counsel, whose involvement dashed any prospect of a collusive bargain.

20. In any case, it is unlikely that Harrison Legal was paid for wresting the profit from Phillips's hands. The real reason Harrison Legal was remunerated to the exclusion of Plaintiff's counsel is that Mr. Canedo named the lowest price to go away.

21. Although First Bancorp has refused to disclose what it paid Harrison Legal, other matters worked by Harrison Legal reveal that Mr. Canedo may accept just a fraction of the fees customarily negotiated in Section 16(b) cases.

22. While this arrangement may delight First Bancorp, the law does not award fees to the lowest bidder, or the faintest. It rewards the attorneys who supply the "motivating cause" for the issuer's recovery. *Blau v. Rayette-Faberge, Inc.*, 389 F.2d 469, 474 (2d Cir. 1968).

23. Those attorneys are Hunter & Kmiec. Without the diligent and dogged intervention of Plaintiff's counsel, it is implausible that First Bancorp would have recovered the full amount Phillips owed.

### SOLE CLAIM FOR RELIEF: RECOVERY OF ATTORNEY'S FEES UNDER 15 U.S.C. § 78p(b)

24. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-23 above.

25. Acting pursuant to Section 16(b) of the Act, Plaintiff engaged Hunter & Kmiec to investigate potential "short-swing" trading in First Bancorp's common stock. In that connection, Hunter & Kmiec reviewed Section 16(a) reports filed by First Bancorp's directors and officers and the holders of in excess of 10% of its outstanding shares of common stock; researched the law applicable thereto; determined that Phillips was liable to First Bancorp; computed the extent of his liability; and prepared and delivered a statutory demand on First Bancorp notifying it of Phillips's liability.

26. Prior to the receipt of Plaintiff's demand, First Bancorp was ignorant of its rights under Section 16(b) of the Act or wavered in prosecuting the same.

27. As a direct and proximate result of Plaintiff's services rendered through Hunter & Kmiec, First Bancorp recovered short-swing profit from Phillips in an amount equal to approximately $12,219.45.

28. As a remedial incident to the authority granted Plaintiff under Section 16(b) of the Act, Plaintiff is entitled to recover a fair and reasonable attorney's fee in consideration for the services undertaken by her attorneys, Plaintiff having agreed with Hunter & Kmiec that they would be entitled to a fair and reasonable fee contingent on their recovery for First Bancorp.

29. First Bancorp has refused to reimburse Plaintiff for these legal fees, despite receiving, accepting, and retaining the benefits provided by Plaintiff through her attorney's services as described herein.

30. Plaintiff respectfully requests an award of attorney's fees in an amount equal to $3,054.00, or approximately 25% of the $12,219.45 in short-swing profit recovered for First Bancorp through her attorney's services.

31. The fee described in paragraph 30 above is fair and reasonable in light of the benefits conferred on First Bancorp by Plaintiff and the reasonable value of Hunter & Kmiec's services on her behalf.

[*prayer for relief follows*]

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands:

(a) Judgment against Defendant First Bancorp in the amount of $3,054.00, inclusive of all out-of-pocket disbursements, plus the costs of this action; and

(b) Such further relief as the Court deems just and proper.

Dated: April 20, 2020
New York, New York

HUNTER & KMIEC

By: _____
James A. Hunter
255 West 94th Street, No. 10M
New York, New York  10025
Tel:    (646) 666-0122
Fax:    (646) 462-3356
E-Mail: hunter@hunterkmiec.com

*Attorneys for Plaintiff*
